Judge Trimble,
delivered the following opinion of the court: — It will be unnecessary to say more, in relation to the- first error assigned, than that the party ought not to be permitted, after there has been two verdicts and a judgment rendered, to assign as error, that a rule to plead was improperly taken in the cause; he never .having moved the court below to correct the steps at the rules.
As to the second assignment of error, it need only be observed, that the record is scarcely sufficiently intelligible, to enable this court to form any opinion upon the subject; and it does not appear, satisfactorily, that the defendant moved the court to instruct the jury to find for him ; as the assignment alleges the court ought to ,-have done. Without such motion being made, it was aot the duty of the court to give such direction,†
On the third assignment, we are of opinion, that “ the court below erred in permitting John Huston to give *536 evidence before the jury, as a competent witness,” under ^.e circumstances set forth in the bill of exceptions.
He was directly and strongly interested in establish* ing Metcalf’s right to the negro, for which he had executed a bill of sale to Metcalf, Without determining whether the production of a sufficient release would have restored his competency, or not, we are clearly of opinion he was incompetent without such release. The release seems to us to have been insufficient; because it was not proved by the subscribing witness thereto ; nor does it appear to haVa been produced in court, or delivered to Huston, by Metcalf, the plaintiff; so that there was no legal evidence of its execution. The production of the release by the plaintiff’s attorney, was insufficient, without other evidence.-Judgment reversed.

 It is the duty of thecourtto inftruft the jury on points oflaw, if applied ⅛ for that purpofe — Wáflii *